GhbeN, J.
delivered tbe opinion of the court.
This motion was made at July term of the circuit court of Jackson county, 1848, in the name of J. C. Jones, Governor, &c., against John Scanland, former sheriff of Jackson county, and Benjamin Scanland, N. G. Jackson and Jas. T. Quarles, as his securities. Quarles, one of the defendants, pleaded that the bond was executed by him, on the 4th of April, 1843, and delivered by him to one Alexander Montgomery, who was then clerk of the county court, as an escrow, to be kept by him, on the special condition, that if said Scanland, the sheriff, should get other good and solvent men to execute said bond, in addition to those who had already executed it, to wit, said John Scanland, Benjamin Scanland, and N. G. Jackson, and the defendant, then, and on that condition, the defendant would acknowledge it and upon no other; and defendant avers, that said John Scanland did not get such other good and solvent men, as was stipulated and agreed upon between said Scanland and the defendant at the time mid bond was delivered as an escrow, to said Montgomery. To this plea,- the Attorney General replied that the bond upon which this motion was made, was executed, acknowledged, and approved, as the law directs.
The defendant, Quarles, rejoin'ed that the county court of Jackson county was not authorized by the defendant, to take said bond as to this defendant, because it was not executed and acknowledged, except as heretofore stated in the plea.
The Attorney General demurred. The parties agreed to introduce the evidence, and to submit all matters of law and fact to the court at the same time. The *124 bond was then read, and evidence of the default of the sheriff introduced; and the copy of the record of the county court of Jackson, that said Scanland, sheriff, came into court, and entered into bond, to James C. Jones, Governor of the State of Tennesse, and his successors in office, in the sum of one thousand five hundred dollars, for the faithful collection, and paying over to the treasurer of the State aforesaid, the State tax, for the year 1843, with Benjamin Scanland, N. G. Jackson, and James T. Quarles, his securities; which bond is approved by the court, and is ordered to be recorded.
The defendant then called Alexander Montgomery, who stated that he was the clerk of the county court of Jackson county, at the time the bond of sheriff Scan-land, for the collection of the State revenue for 1843, was taken; that the court was open when defendant, Quarles, came in and signed the bond, but whether the justices composing the court were on the bench at the time, or not, he does not remember. Quarles objected to the bond of Scanland, which had only Jackson, and B. Scanland on it, and said it was not strong enough, and said others must be got on it with himself. He signed the bond, and witness does not remember whether he acknowledged it or not, but thinks he did, as witness was in the habit of asking all who signed bonds if they acknowledged them. Quarles said at the time of signing this bond, that Scanland must get others to it besides himself, or he would not sign it; that he would not be Scanland’s security with those on the bond before him. The bond was recorded, and the proper orders made, but whether there was any special order of the court about it, witness does not remember.
*125 The court gave judgment in favor of the defendant, (•Quarles, and dismissed the motion as to him; from which judgment the Attorney General appealed to this court.
1. The first question is, can the defendant, Quarles, be permitted to establish the truth of his plea, by parol evidence? It is insisted for the State, that he cannot; ■and the case of Bryan et als. vs. Glass and sureties (2 Hump. R. 390,) is relied on for authority to establish this principle. But upon reference to that case, we find, that the principle involved in the case before us, was not decided, nor indeed was it brought into controversy, by the facts of the case. In that case, it appeared from a certified copy of the records of the county court of Tipton, that Glass had been elected sheriff of Tipton county, and came into open court and entered into bond and security, as the law requires, which bond was recorded.
The act of 1777, ch. 8, sec. 2, requires that a sheriff shall enter into bond before the county court, with two or more good securities, in the penalty of twelve thousand five hundred dollars, payable to the Governor and his successors, which bond every county court is required and empowered to demand and take, and cause to be acknowledged before them in open court, and recorded.
It was insisted, in the case of Bryan vs. Glass, that every thing the statute required to be done, must appear of record, to have been done, or the bond was not a good statutory bond. But the court held, that the facts need not be stated in the record, with such strictness; but say the court: “The law directs the mode in which it is to be done, and their record says, that it was done as the law requires. This, of necessity, embraces every thing; and we must presume the record *126 speaks the truth; if it do, then the bond has been properly executed and acknowledged.” This was the only question in the case. There was no denial of the bond, nor any attempt to prove that it was not signed: sealed, and acknowledged. The remark of the court, therefore, that the facts necessary to exist must be determined by the record and not by parol proof, has no reference to such case as the one now before the court.
In this case the defendant, Quarles, in his plea, alledges, .that his acknowledgement and delivery of the bond were conditional; that until the condition stipulated should be ■ performed, the clerk was to hold the bond as an escrow; and that the conditions were never performed, and so it never became his deed.
We think it is competent for the defendant to prove the truth of his plea by parol evidence. If, while a bond is being executed and is in the clerk’s hands for further signatures, he presents it to the court, has it approved, and records it, contrary to the stipulations and conditions upon which it is left in his hands, it is a fraud upon the parties whose names may be on it; and to say that they have no remedy, is most absurd. But, if they may not prove by parol, the conditions annexed to the delivery, at the time of signing and sealing the bond, in support of the plea of non est fac-tum, they have no remedy whatever; because, in such a case, the same principle that would repel the parol proof in a court of law, would equally repel it in a court of equity.
But in this case, the record does not state that Quarles acknowledged this bond. It only asserts, that he was security, and that the bond was approved, and ordered *127 to be recorded; this being all the act of 1835 requires. So that the evidence offered, does not contradict any fact asserted by the record.
2. The next question is, does the evidence support the plea? And we think-it does.
The witness states' that Quarles said the bond was not strong enough; that Scanland must get other names on it; that he would not be security with those who were on the bond before him. With these declarations he left the paper in the hands of the clerk. Signing the bond with these declarations, we do not think it become his deed; no other name having been obtained.
3. The motion in this case, was made in 1848, in the name of James C. Jones, Governor, &c. We know that James C. Jones was not Governor in 1848, and he could not maintain a motion on a bond taken in 1843, payable to James C. Jones and his successors.
For these reasons the judgment will be affirmed.